Dear Mr. Groesch:
Your request that this office initiate litigation, pursuant to LSA-R.S. 42:4.1 et seq., to require the New Orleans City Council Competitive Selection Committee was received. Your request is based upon an opinion of this office, 90-132, a copy of which is attached hereto.
Your request has prompted a reconsideration of that opinion, which concluded that a public body may only discuss the attributes of a human being, and not a juridical person, in an executive session pursuant to LSA-R.S. 42:6.1(A)(1) which statute provides:
§ 6.1. Exceptions of open meetings
 A. A public body may hold an executive session pursuant to LSA-R.S. 42:6 for one or more of the following reasons:
 (1) Discussion of the character, professional competence, or physical or mental health of a person. . . . . (Emphasis supplied).
Opinion 90-132, in pertinent part, stated:
* * * * *
 For the following reasons it is the opinion of this office that the word "person" as used in LSA-R.S. 42:6(A)(1) is limited to only human beings, does not include any other legal entities (such as Greyhound Lines, Inc.), and, accordingly, the executive session of R.T.A. regarding the "competence of Greyhound Lines, Inc." constituted a violation of the Louisiana Open Meetings Law.
 First, according to Black's Law Dictionary a "person" is defined as "In general usage, a human being (i.e. natural person), though by statute
the term may include a firm, labor organizations, partnerships, associations, corporations, legal representatives, trustees, trustees in bankruptcy, or receivers."
 The Louisiana Open Meetings Law contains no statute or any other indication that a "person" is anything other than "a human being (i.e. a natural person)". Accordingly, for this reason we believe "person" as used in LSA-R.S. 42:6.1(A)(1) is limited to human beings. (Emphasis supplied).
* * * * *
LSA-R.S. 1:3 provides in pertinent part as follows:
§ 3 Words and phrases; how construed
 Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
* * * * *
LSA-R.S. 1:10 provides:
§ 10. Person, defined
 Unless it is otherwise clearly indicated, the word "person" includes a body of persons, whether incorporated or not.
Louisiana Civil Code Article 24 provides:
Art. 24. Kinds of persons
 There are two kinds of persons: natural persons and juridical persons.
 A natural person is a human being. A juridical person is an entity to which the law attributes personality, such as a corporation or a partnership. The personality of a juridical person is distinct from that of its members.
Obviously, the author of 90-132 was unaware of LSA-R.S. 1:10 and Civil Code Article 24, which are statutes that do define the term "person". Thus, by statute the Louisiana Legislature has included individuals such as human beings and artificial persons, whose competence may be the subject of an executive session discussion by a public body, by the use of the term "person".
We are reinforced in this conclusion by reference to the history and source note for LSA-R.S. 42:6.1, which was amended by Act 681
of 1979:
HISTORICAL AND STATUTORY NOTES
1996 INTERIM UPDATE
 The 1979 amendment, in subsec. A, substituted "an executive session" for "a meeting closed to the public"; in par. A(1), twice substituted "person", for first "single individual", and secondly for "individual"; and added a final clause to the second sentence; in par. B(2), inserted "prospective litigation after formal written demand"; redesignated the existing par. A(7) as par. A(8); inserted a new par. A(7); and made capitalization changes. (Emphasis supplied).
* * * * *
The 1979 amendment clearly reflects a legislative intent to use "person" instead of "individual" to broaden the ability of a public body to conduct discussions in an executive session.Webster's Third New International Dictionary, (1976), defines "individual" as "a single human being as contrasted with a social group or institution". For this comparison we have used a dictionary definition in accordance with the directive contained in LSA-R.S. 1:3 (Supra) because we have found no statutory definition of "individual" and a dictionary definition provides "the common and approved usage" of the word.
Furthermore, one might question how a public body could avoid discussing individuals and their personal attributes when considering the abilities of a corporation, because a corporation may only perform by individual human officers, agents and employees.
In conclusion it is the opinion that Attorney General Opinion 90-132 must be recalled, rescinded and set aside because it is the opinion of this office that a public body may recess to an executive session to discuss the competence of a juridical or artificial persons as well as an individual human being.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________________ KENNETH C. DEJEAN GENERAL COUNSEL
KCD:ams
DATE RECEIVED:
DATE RELEASED: AUGUST 27, 1996
KENNETH C. DEJEAN GENERAL COUNSEL